Filed 12/2/13  P. v. Anderson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN ANDERSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B246479<br>(Super. Ct. No. SA050266)<br>(Los Angeles County) |

In 2004, Benjamin Anderson was convicted of robbery (Pen. Code, § 211),[1] which is defined as a "serious felony" under section 1192.7, subdivision (c)(19). Because Anderson had two prior serious felony convictions, he was sentenced to an indeterminate life term under the Three Strikes law.  (§§ 667, 1170.12.)

Following passage of the Three Strikes Reform Act of 2012 (Reform Act), added by Proposition 36, Anderson moved for an order recalling his sentence and resentencing him to a determinate term sentence.  (§ 1170.126.)  Section 1170.126, subdivision (b), permits a person serving an indeterminate term of life imprisonment under the Three Strikes law for a conviction based on "a felony or felonies that are *not* defined as serious and/or violent felonies" to seek recall of the sentence.  (Italics added.) The trial court determined that Anderson was ineligible to seek relief under this statute

---

[1] All statutory references are to the Penal Code.

because his conviction for robbery was based on a serious felony. Anderson appeals the order denying his motion.[2]

We appointed counsel to represent Anderson in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

We advised Anderson that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal. Anderson filed a 10-page supplemental brief with attachments on July 1, 2013. With our permission, he filed a 14-page amended supplemental brief with attachments on November 13, 2013. For the most part, the briefs reiterate the arguments Anderson raised in the trial court. They do not establish his eligibility to seek recall of his sentence under 1170.126, subdivision (b), on the basis that his commitment offense was not a serious or violent felony.[3]

Having examined the entire record, we are satisfied that appointed counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v.*

---

[2] Courts of appeal are split on the issue of whether a trial court's order on a motion to recall the sentence under the Reform Act is appealable. After the opening brief was filed, the Supreme Court granted review in two cases that reached opposite conclusions on the issue. (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 808, review granted July 31, 2013, S211708 [order is nonappealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted with hold pending consideration of *Teal*, July 31, 2013, S212017 [order is appealable].) Subsequently, *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, concluded that a trial court's order "denying relief under [the Reform Act] is not appealable if it denies a [motion] that was erroneously filed by an individual whose indeterminate three strikes sentence is based on a conviction for any serious or violent felony." A few weeks later, *People v. Wortham* (Oct. 24, 2013) 220 Cal.App.4th 1018 [163 Cal.Rptr.3d 654, 657] rejected *Leggett's* reasoning, and held that the trial court's initial eligibility determination implicates a defendant's "substantial rights" and thus is appealable. Based on that authority, we will review Anderson's appeal.

[3] We deny appellant's request to take judicial notice of a minute order issued by the San Bernardino Superior Court in a case involving another defendant. That order is irrelevant to the issues in this appeal.

*Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

William C. Ryan, Judge

Superior Court County of Los Angeles
_____


Richard B. Lennon, under appointment by the Court of Appeal; Benjamin Anderson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.